IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:16cr26-001 |
| ) | |
| TRAZZONNA JACOBS ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S POSITION PAPER WITH RESPECT TO THE SENTENCING GUIDELINES AND WITH RESPECT TO 18 U.S.C. 3553 SENTENCING FACTORS**

COMES NOW the Defendant, Trazzonna Jacobs, by counsel, pursuant to Section 6A1.2 of the Sentencing Guidelines and Policy Statements and the Court's Sentencing Procedures Order, and hereby represents that the Defendant has reviewed the presentence report prepared by the Probation Officer and set forth the following as her positon on sentencing:

**I.  BACKGROUND**

On March 23, 2016, Ms. Jacobs pled guilty to one count of Theft of Mail by an officer or employee in violation of 18 U.S.C. Section 1709. Ms. Jacobs was honorably discharged from the United States Army in 2011 and began working for the United States Postal Service in 2013.

Ms. Jacobs was viewed as an excellent employee by the by Postal Service up through June of 2015. Ms. Jacobs was married to Joseph Brown at the time and they had three young children together ages 6, 2 and 1. Ms. Jacobs had suffered emotional abuse from her husband since getting married in 2010. It culminated in physical abuse in June of 2013 when he punched her in the face causing severe bruising and discoloration to her eye.

1

Ms. Jacobs left her husband in June of 2015 with three young children and no money to her name. She lived in her car for a time and she and the children survived on fast-food meals when her monetary resources would support it.

Based upon the pain of her injury and the sheer embarrassment and humiliation of her situation, Ms. Jacobs was unable to report to her job at the post office for a couple of weeks after the domestic violence incident. She did have fellow employees reach out to her and provide her housing for a day or two at a time but she spent the majority of this transition period living in her car with her three children.

Ms. Jacobs was unable to provide for her family and she made the regrettable decision to take a $100 gift card from the mail in July of 2015. In addition, a customer approached her with $7000 in cash to be sent through the mail in September of 2015. In financial dire straits and too proud to ask for assistance from family and loved ones, Ms. Jacobs again made the regrettable decision to take this money in an effort to provide a roof over the head and food for her three young children.

When confronted by investigators concerning these incidents, Ms. Jacobs immediately waived her rights and confessed thoroughly and completely to the illegal conduct she had engaged in expressing great remorse and embarrassment.

## II. DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

The defense has no objections to the presentence investigation report and agrees with the calculations contained on page 15 of the presentence investigation report.

## III. FACTORS THE COURT IS TO CONSIDER UNDER 18 U.S.C. 3553(a)

As the Supreme Court has long recognized, it has been uniform and constant in the

federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Koon v. United States, 518 U.S. 81, 113 (1996). As the sentencing guidelines are now advisory only, a district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a case, the guidelines are not the only consideration. Gall v. United States, 128 S.Ct. 586, 597 (2007). Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court shall impose a sentence sufficient but not greater than necessary to meet specified sentencing goals, including the goal of just punishment. 18 U.S.C. 3553.

    a.   Nature and Circumstances of the Offense

Ms. Jacobs had been a very competent and respected postal clerk for over two years prior to this incident. She engaged in conduct that was completely out of her character when she was faced with an extreme situation concerning the welfare of her children which she did not know how to appropriately handle. Her actions in stealing mail were acts of desperation. She immediately owned up to her misgivings and has remained extremely remorseful and apologetic throughout this entire process. While her decision to abuse her position of trust was certainly misguided an inappropriate, it is hoped her decision can be viewed in light of the mitigating circumstances she was faced with at the time.

    b.   History and Characteristics of Ms. Jacobs

Ms. Jacobs is 28-years-old. She was born and raised in Newark, New Jersey by her mother as her father played no real role in her upbringing after the age of five. She has 12

siblings. She is extremely close to her mother and some of her siblings and maintains daily contact with them.

Ms. Jacob's family struggled financially as she was growing up but her basic needs were met. She did not grow up in the best neighborhood but she was able to graduate from high school. After completing one semester of college, she enlisted in the Army in June of 2007. She excelled during her four-year term in the Army. She achieved the rank of E-4 and was even awarded an Army Commendation Medal (a tremendous accomplishment for one of her relatively junior rank). Of note, she also received the Army Good Conduct Medal as she showed the appropriate discipline and commitment to service while serving her country.

Her primary duty station was in Fort Drum, New York and this is where she met her husband. She deployed to a combat zone in Iraq for 10 months. She was honorably discharged from the Army in June of 2011 but continued to serve her country in the Army Reserves. Her status in the Reserves is currently on hold pending the outcome of this case.

Ms. Jacobs had three children in a relatively short period of time. She is unquestionably a dedicated and loving mother and her desire to provide and meet the needs of her children clouded her judgment resulting in her taking actions that she will deeply regret for the rest of her life. She had no choice but to leave her physically abusive husband in June of 2015 so she could provide a safer environment for both herself and her children. She unfortunately did not have the financial means to support this decision and her pride and embarrassment clouded her judgment when she decided to not seek help from family and loved ones.

    c. <u>The Need for the Sentence Imposed to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public</u>

Ms. Jacobs certainly realizes the seriousness of her offense and understands that her actions are magnified because she was placed in a position of trust. However, Ms. Jacobs had absolutely no prior criminal record prior to these events and quite frankly had gone above and beyond in serving her country and being an honorable civil servant up until she was confronted with a situation that she had not envisioned.

The stigma of a Federal felony conviction has severe ramifications and impact for Ms. Jacobs. She will obviously lose her job with the postal service. It is likely that her career as an Army reservist will be terminated. Despite persistent efforts to find new employment, she has been unable to do so. She and her three children are currently being financially supported by contributions from her family members. Other than a deferred compensation account where there will be severe tax consequences for early withdrawal, she has just over a dollar to her name.

No one appreciates that wrongfulness of her actions and feels as bad about what she did that Ms. Jacobs herself. The chances of her ever engaging in criminal activity again in her life are remote if not non-existent. The message has clearly sunk in without the necessity of incarceration.

  d. <u>The need to provide Ms. Jacobs with Education or Vocational Training, Medical Care or Other Correctional Treatment</u>

Ms. Jacobs is able-bodied and willing to work. She is a high school graduate and has both some college credits as well as the discipline and commitment that service in the military instills.

Ms. Jacobs is in need of further counseling. She has not yet fully addressed and realized the impact of the physical and emotional abuse that she suffered at the hands of her husband.

5

She is having extreme difficulty handling the stress of her legal troubles and the helplessness currently perceives concerning her ability to properly and adequately care for her children.

    e.   <u>The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who have Been Found Guilty of Similar Conduct</u>

Ms. Jacobs does not in any way minimize her own conduct in relation to this incident. She does however contend that her prior stellar record and tremendous mitigating circumstances make her worthy of consideration for a sentence to probation.

In addition, there was a recent theft of mail case in this jurisdiction where defendant Raynard Heckstall was convicted and sentenced in October of 2015. Mr. Heckstall had a much more pervasive operation in stealing mail. Although the dollar value of the things he stole was $3000, he stole from 26 victims by stealing 7-10 pieces of mail three times a week over a several week period. While he appeared to have a clean criminal record, it does not appear he had mitigating circumstances that were in any way comparable to those of Ms. Jacobs. He received a sentence of 1 day of incarceration and 200 hours of community service.

    **CONCLUSION**

For the reasons set forth above, the Defendant, Trazzonna Jacobs, by counsel, respectfully submits that a sentence of probation would be within the recommended guidelines and would be an appropriate sentence and serve the purposes of sentencing as set forth in 18 U.S.C. Section 3553(a).

    Respectfully submitted,

    TRAZZONNA JACOBS
    By Counsel

    /s/
    _____
    Scott M. Lang, Esquire

Scott M. Lang, Esquire
Virginia State Bar #70006
7 Cities Law
291 Independence Blvd., Bldg. 4, Suite 223
Virginia Beach, VA 23462
Voice: (757) 716-7494
Fax: (757) 716-7492

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following counsel of record:

Joseph Kosky, Esquire
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: (757) 441-5139
Facsimile: (757) 441-6689
Email: Joseph.Kosky@usdoj.gov

And I hereby that on this 26th day of June 2016, I caused a true and correct copy of the foregoing to be e-mailed and mailed to the following non-filing user:

Timothy J. Foote
 U.S. Probation Officer
U.S. District Courthouse, Suite 1150
701 East Broad Street
Richmond, VA
Timothy_Foote@vaep.uscourts.gov


By: /s/
_____
Scott M. Lang

Scott M. Lang, Esquire
Virginia State Bar #70006
7 Cities Law
291 Independence Blvd., Bldg. 4, Suite 223
Virginia Beach, VA 23462
Voice:  (757) 716-7494
Fax:     (757) 716-7492