## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF VIRGINIA

### Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:16cr26** |
| | ) | |
| **TRAZZONNA JACOBS,** | ) | |
| | ) | |
| *Defendant*. | ) | |

### GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING FACTORS IN THE PRESENTENCE REPORT

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer. After reviewing the Presentence Investigation Report and applying the factors of Title 18, United States Code, Section 3553(a) to this case, the government's position is that a guideline sentence of 3 months' imprisonment is appropriate.

**I.** **The United States Has No Objection to the PSR**

The United States hereby represents that it has no objections to the facts, the findings or to the calculations of the presentence report. The United States does not intend to call witnesses or present evidence at the sentencing hearing, aside from the victim impact statement already provided to the Court.

**II.** **A Sentence of 3 Months of Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both

the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 128 S. Ct. 558 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. App'x 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying

these sentencing factors to the facts of this case demonstrates that a sentence of 3 months of incarceration is appropriate and reasonable.

      A.      <u>Nature and Circumstances of the Offense</u>

The facts as laid out in the PSR demonstrate that the defendant abused her position by stealing gift cards and cash from letters and packages entrusted to her as a United States Postal Clerk. The defendant did this on two specific occasions where the Postal Service Office of Inspector General (OIG) could determine the victim, and number of times when the OIG could not. Although these two specific instances are identified in the PSR and statement of facts, the defendant had admitted OIG investigators that she stole additional gift cards and investigators found two additional gift cards in her vehicle. These were more gift cards that she had admitted to stealing from customers of the Postal Service.

The crimes committed by the defendant are very serious in nature. The United States Postal Service operates primarily on the trust and good will of the American public. It is believed and expected that packages and parcels placed in their care for delivery will reach their intended recipients in the same condition as when they were sent. When Postal Service customers learn that Postal Service employees are stealing from packages entrusted to their care, it erodes confidence in the entire system. This erosion carries with it a ripple effect; people stop using the Postal Service which in turn reduces the revenue necessary to cover all the costs and expenses of the system. Over time this effect could have serious negative consequences for the Postal Service as a whole.

This defendant's crimes were also very serious simply by the nature of the theft she was conducting. First, the defendant's crimes required a fair degree of subterfuge. She needed to be able to surreptitiously open greeting cards and other packages to steal the contents therein, without being noticed or observed by customers or her fellow employees. She then had to seal those

envelopes and packages in such a way as to fool their recipients and investigators into believing that nothing was amiss. Such actions required preparation, planning, and forethought to successfully execute. Second, the defendant committed this crime over time and on discrete occasions. On each of these occasions she had the opportunity to do the right thing and stop stealing items from the Post Office. She had the opportunity to do right by herself and her family and not commit this crime. Nonetheless, on each occasion she chose to continue to steal items entrusted to her care as a Postal Clerk. Her actions thus demonstrate that she is a person who continuously and repeatedly makes poor judgments and is willing to repeatedly break the law over time to achieve her personal desires.

      B.      <u>History and Characteristics of the Defendant</u>

The defendant's personal history should also be taken into consideration and weighs in her favor. The defendant has no criminal history and has served her country honorably in the United States Army for four years. She has a high school degree and some college credit. Her background would not suggest her presence before the Court on these charges. The government recognizes the personal turmoil in her past and the mitigating nature of that upon her ultimate sentence. But the defendant must also understand that her personal problems are never a justification to violate the law.

      C.      <u>Other Relevant Factors</u>

Title 18 U.S.C. § 3553(a)(2) states that the court should fashion a sentence that will serve the various purposes of sentencing. All of the stated considerations are of course relevant, but given the type of conduct exhibited by the defendant, the government emphasizes the need for the sentence to provide just punishment and afford adequate deterrence. As stated above, the public's trust in the United States Postal Service is eroded whenever on of its employees is convicted of stealing parcels of mail. In order to win back the public's trust, and seriously deter this defendant

in the future, and other Postal Clerks from engaging in similar behavior, a sentence of incarceration is required. A sentence of 3 months would send the message that individuals who steal from the Postal Service, even a relatively small amount, will face the prospect of severe repercussions, including imprisonment, if they engage in similar behavior. Overall, the sentence imposed should reflect the economic costs the public is forced to bear in order to prevent these thefts, repair damage to the victims', and to detect and deter fraudulent behavior.

## IV.   Conclusion

For these reasons, as well as those to be articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant to 3 months of imprisonment.

DANA J. BOENTE
UNITED STATES ATTORNEY

By:   /s/
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address - joseph.kosky@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on the 6th day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Scott M. Lang, Esquire
7 Cities Law
291 Independence Blvd., Bldg. 4, Suite 223
Virginia Beach, VA 23462
slang@7citieslaw.com

  I hereby certify that on the 6th day of July, 2016, a true copy of the foregoing government's response was sent via electronic mail copy to:

Timothy J. Foote
U.S. Probation Officer
U.S. District Courthouse, Suite 1150
701 East Broad Street
Richmond, VA
Timothy_Foote@vaep.uscourts.gov

              /s/
              Joseph L. Kosky
              Assistant United States Attorney
              Attorney for the United States
              United States Attorney's Office
              101 West Main Street, Suite 8000
              Norfolk, Virginia 23510
              Office Number (757) 441-6331
              Facsimile Number (757) 441-6689
              E-Mail Address - joseph.kosky@usdoj.gov